```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
NATALIE PRYOR,                     :
                                   :       10 Civ. 6507 (PAC)(THK)
                    Plaintiff,     :
                                   :       REPORT AND RECOMMENDATION
          -against-                :
                                   :              (PRO SE)
NATIONAL GRID, et al.,             :
                                   :
                    Defendants.    :
                                   :
-----------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This employment discrimination action was referred to this Court for general pretrial supervision and resolution of dispositive motions. Plaintiff Natalie Pryor claims that Defendants unlawfully terminated her employment and, in doing so, violated Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"); the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97 ("NYSHRL"); and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 8-131 ("NYCHRL").

Presently before the Court is Defendants' motion to dismiss the Complaint in its entirety under Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that Plaintiff's claims should be dismissed because (1) Plaintiff's federal claims are untimely; (2) without the presence of the federal claims, there is no basis for supplemental jurisdiction over Plaintiff's state law claims; (3) Plaintiff did not effect

COPIES MAILED
TO COUNSEL OF RECORD ON 6/29/11

timely service on any Defendants; and (4) the individually named Defendants were not named in Plaintiff's EEOC charge and cannot, therefore, be named as Defendants in her Title VII claim. Plaintiff did not respond to Defendants' motion.

For the reasons that follow, the Court recommends that Defendants' motion be granted and this action be dismissed.

## BACKGROUND

Plaintiff was employed as a supervisor in the Jamaica, Queens office of Defendant National Grid. (See Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Mem."), at 2.) Her employment was terminated on March 27, 2009. (See id.) On April 1, 2010, Plaintiff filed an administrative discrimination charge with the EEOC, asserting discrimination claims based on race, sex, and age, as well as unlawful retaliation. (See EEOC Filing, attached as Ex. A to Defs.' Mem., at 1.) The charges were dismissed by the EEOC on May 21, 2010, and Plaintiff was informed of her right to sue under Title VII and the ADEA. (See EEOC Dismissal and Notice of Rights, attached as Ex. B to Defs.' Mem.) Plaintiff filed her Complaint with this Court's Pro Se Office on August 24, 2010, and it was docketed electronically on September 1, 2010. (See Complaint ("Compl.") at 1.)

2

**DISCUSSION**

A. <u>Plaintiff's Federal Claims</u>

Defendants argue that because Plaintiff's EEOC charge was not filed until more than one year after the last alleged act of discrimination took place, her Title VII and ADEA claims should be dismissed as untimely. (<u>See</u> Defs.' Mem. at 4.)

Under Title VII and the ADEA, claimaints must typically file an EEOC charge within 180 days after an alleged discriminatory act, <u>see</u> 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1); <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 109, 122 S. Ct. 2061, 2070 (2002) (discussing filing periods under Title VII); <u>Hodge v. New York College of Podiatric Medicine</u>, 157 F.3d 164, 166 (2d Cir. 1998) (interpreting filing periods under the ADEA), but in both statutes the filing period is extended to 300 days in "deferral" states, which are states with entities that are equipped with authority to grant or seek relief for the alleged discriminatory acts. <u>See</u> <u>id.</u> New York has been deemed a deferral state for the purposes of both statutes. <u>See</u> <u>Lewis v. NYCTA</u>, 126 Fed. App'x 20, 21 (2d Cir. 2005) ("To sustain a claim for unlawful discrimination under Title VII . . . , a plaintiff must file administrative charges with the [EEOC] within 300 days of the alleged discriminatory acts.") (quoting <u>Flaherty v. Metromail Corp.</u>, 235 F.3d 133, 136 n.1 (2d Cir. 2000), and citing 42 U.S.C. § 2000e-

3

5(e)(1)); Holowecki v. Federal Express Corp., 440 F.3d 558, 562 (2d Cir. 2006) (noting that it is "undisputed" that New York is a deferral state) (citing Hodge, 157 F.3d at 166). To proceed on her Title VII and ADEA claims, therefore, Plaintiff must have filed her EEOC charge within 300 days of the alleged discriminatory acts.

A charge is filed, according to EEOC regulations, when the EEOC receives "'a . . . writing' (or information that an EEOC employee reduces to a writing) from the person making the charge that names the employer and generally describes the allegedly discriminatory acts." Holowecki, 440 F.3d at 566 (citing 29 C.F.R. §§ 1626.3, 1626.6, 1626.8). The charge "should" contain additional information, such as the contact information for the employer, the employee, and "a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." Id. (citing 29 C.F.R. § 1626.8(a)(1)-(5)).

Plaintiff states, and Defendants do not dispute, that the alleged discriminatory acts ended by March 27, 2009. (See Compl. at 3.) In her Complaint, she claimed to have filed a charge with the EEOC on January 13, 2009, a date preceding her termination. (See id. at 3.) She is mistaken in that regard. Plaintiff did, in fact, contact the EEOC in January 2009, as is reflected in an EEOC letter, dated January 13, 2009, which indicates that Plaintiff had

4

communicated with the EEOC regarding a potential claim.[1] (See Letter from EEOC to Natalie Pryor (Jan. 13, 2009), attached to Compl. at 9.) The EEOC letter, however, made clear that, as of January 13, 2009, a charge had not been filed. (See id.) The letter stated that Plaintiff's situation "may be covered by the laws we enforce," and it detailed how Plaintiff could "begin the charge-filing process." (Id.) The letter advised Plaintiff of the 180- and 300-day filing deadlines and of her need to complete a questionnaire in order to commence the charge-filing process. (See id.) The letter, however, came from the EEOC and is not "a . . .writing" that "names the employer" or "generally describes the allegedly discriminatory acts" that Plaintiff claimed had occurred. See Holowecki, 440 F.3d at 566. Therefore, it does not constitute an EEOC charge for the purposes of Title VII or the ADEA.

Plaintiff's actual charge, which identifies her employer and the alleged discriminatory acts, is dated April 1, 2010 (see EEOC Filing, attached as Ex. A to Defs.' Mem., at 3), more than one year after the last act of discrimination took place. Plaintiff has not provided any reason why the 300-day statute of limitations should not bar her federal claims. Therefore, Plaintiff's federal claims under Title VII and the ADEA should be dismissed as untimely.

---

[1] On a motion to dismiss, Courts can consider EEOC filings, particularly when they are referred to or attached to the complaint, as is the case here. See Holowecki, 440 F.3d at 566-69.

B. <ins>Supplemental Jurisdiction</ins>

A Court may decline to exercise jurisdiction over state-law claims once it dismisses all claims over which it has original jurisdiction. <ins>See</ins> 28 U.S.C. § 1367(c); <ins>see also</ins> <ins>Carlsbad Techonology, Inc. v. HIF Bio, Inc.</ins>, __ U.S. __, 129 S. Ct. 1862, 1867 (2009). State-law claims are typically dismissed for reasons of "judicial economy, convenience, fairness, and comity," <ins>see</ins> <ins>Briarpatch Ltd., L.P., v Geisler Roberdeau, Inc.</ins>, No. 99 Civ. 9623 (RWS), 2007 WL 1040809, at *20 (S.D.N.Y. Apr. 4, 2007) (quoting <ins>Carnegie-Mellon University v. Cohill</ins>, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988)), and if the Court does in fact dismiss the state-law claims, it should do so without prejudice. <ins>See id.</ins>; <ins>see also</ins> <ins>Rafano v. Patchogue-Medford School Dist.</ins>, No. 06 Civ. 5367 (JFB)(ARL), 2009 WL 789440, at *13 (E.D.N.Y. Mar. 20, 2009) ("In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendent jurisdiction.'") (quoting <ins>Walker v. Time Life Films, Inc.</ins>, 784 F.2d 44, 53 (2d Cir. 1986)). Here, no exceptional circumstances exist, and, therefore, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.[2]

---

[2] Because all of Plaintiff federal law claims should be dismissed as time-barred, it is unnecessary to reach Defendants' remaining arguments.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendant's motion to dismiss should be granted. Plaintiff's federal claims should be dismissed with prejudice as untimely, and the Court should decline to exercise jurisdiction over Plaintiff's remaining state-law claims.

Respectfully submitted,

_____

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: June 29, 2011
New York, New York