```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATALIE PRYOR,                                              :
                                                            :
                        Plaintiff,                          :
                                                            :
        - against -                                         :    10 Civ. 6507 (PAC) (THK)
                                                            :
NATIONAL GRID, et al.,                                      :    ORDER ADOPTING R&R
                                                            :
                        Defendants.                         :
------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: July 28, 2011_____

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Natalie Pryor ("Plaintiff") claims that Defendants National Grid, Evelyn Ramirez, Jose Navarro, Sharisse Simpkins, Lisa Kiley, and Gilmore Cookhorn ("Defendants") unlawfully terminated her employment, violating Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Plaintiff was employed as a supervisor in National Grid's Jamaica, Queens office until her employment was terminated on March 27, 2009. She filed a charge, dated April 1, 2010, with the Equal Employment Opportunity Commission ("EEOC"), alleging race, sex, and age discrimination, and unlawful retaliation. On May 21, 2010 the EEOC dismissed the charge and gave Plaintiff a Dismissal and Notice of Rights ("right-to-sue letter"). Plaintiff filed this action on August 24, 2010, and it was docketed on September 1, 2010.

On September 13, 2010, the Court referred the case to Magistrate Judge Katz for general pretrial supervision. On February 24, 2011, Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Plaintiff did not file an opposition to Defendants' motion. On June 29, 2011, Magistrate Judge Katz issued his Report

and Recommendation ("R&R") that the Court dismiss Plaintiff's Complaint. On July 6, 2011, Magistrate Judge Katz filed an order extending the time for filing objections to July 21, 2011. On July 20, 2011, Plaintiff filed objections. For the following reasons, the Defendants' motion to dismiss is GRANTED.

### MAGISTRATE JUDGE KATZ'S R&R

Under Title VII and the ADEA, a claimant must file an EEOC charge within 180 days after an alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). In New York, however, the time for filing an EEOC charge is extended to 300 days. See Lewis v. NYCTA, 126 F. App'x 20, 21 (2d Cir. 2005). "[A] charge is sufficient when the EEOC receives a writing (or information that an EEOC employee reduces to a writing) from the person making the charge that names the employer and generally describes the allegedly discriminatory acts. According to the regulations, a charge also should contain, but is not required to contain, other information such as the full contact information for the employer and the individual filing the charge, and a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." Holowecki v. Fed. Exp. Corp., 440 F.3d 558, 566 (2d Cir. 2006) (citations and internal quotation marks omitted).

In dismissing Plaintiff's complaint, Magistrate Judge Katz found that her EEOC charge was untimely. It is undisputed that the alleged discriminatory acts ended by March 27, 2009. (R&R 4.) In Plaintiff's complaint, she alleged that she filed a charge with the EEOC on January 13, 2010. (Id.) Magistrate Judge Katz, however, found that Plaintiff was "mistaken." (Id.) Although Plaintiff contacted the EEOC in January, Magistrate Judge Katz found that the letter Plaintiff received from the EEOC on January 13, 2011 was not a charge and referred to the date

listed on the charge that was eventually filed with the EEOC — April 1, 2010. (LaBerge Decl. Ex. A, at 3.) As April 1, 2010 is beyond the 300-day statute of limitations, and as Plaintiff did not provide any reason why the 300-day limitation should not bar her claims, Magistrate Judge Katz recommended that the Court dismiss Plaintiff's federal claims. Further, Magistrate Judge Katz recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims because no exceptional circumstances exist. (R&R 6) See Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986).

## PLAINTIFF'S OBJECTIONS

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues *de novo*. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

On July 18, 2011, Plaintiff filed an objection to Magistrate Judge Katz's R&R. Specifically, Plaintiff claims that "the paperwork was with the EEOC on January 15, 2010." (Obj. 2.) With her objection, Plaintiff submitted a letter from EEOC Enforcement Supervisor John Waldiner, dated July 6, 2011, which states:

> According to our records, your initial inquiry was filed with the U.S. Equal Employment Opportunity Commission (EEOC) on January 15, 2010. Said inquiry was evaluated by the EEOC and, because the last date of harm alleged was March 27, 2009, was deemed to be timely filed within the statutory 300-Day limit on the 294th day of the acceptable filing period.

(Letter Attached to Pl.'s Obj.) Under 42 U.S.C. § 2000e-5(b), "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." The EEOC found that Plaintiff's submission on January 15, 2010 was sufficient. In addition, it appears that Plaintiff filed at least some information with the EEOC on January 15, 2010, because the stamp on the April 1, 2010 charge was amended from January 15, 2010 to April 1, 2010. (LaBerge Decl. Ex. A., at 3.). As a result, the Court declines to adopt Magistrate Judge Katz's R&R and dismiss Plaintiff's federal claims for this reason.

The Court, however, must dismiss Plaintiff's federal claims on an alternative ground, which Defendants argued in their motion to dismiss, but which Magistrate Judge Katz never reached. The EEOC issued Plaintiff a right-to-sue letter on May 21, 2010 and Plaintiff states in her complaint that she received it on May 24, 2010. A Plaintiff must commence a Title VII or ADEA claim in federal court within 90 days of her receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). As a result, in order for this action to be timely, it must have been filed in this Court by August 22, 2010. Plaintiff's materials were filed in the *pro se* office on August 24, 2010 — two days past the filing deadline. Although *pro se* litigants are usually offered leniency, when it comes to statutory filing deadlines courts have consistently held that even *pro se* plaintiffs must be held to strict compliance. See Cohen v. Fed. Exp. Corp., 544 F. Supp. 2d 334, 342 (S.D.N.Y. 2008) ("Time limits are not to be disregarded by courts out of a vague sympathy for particular litigants.") (citation omitted); Sanchez v. Nat'l Cleaning Co., 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (dismissing *pro se* plaintiff's complaint which was filed two days late). As Plaintiff has not offered any reason why the Court should not enforce such a deadline, the Court must dismiss Plaintiff's federal claims. In addition, for the reasons discussed in

Magistrate Judge Katz's R&R, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

## CONCLUSION

For the foregoing reasons, Plantiff's federal claims are dismissed with prejudice as untimely. In addition, the Court declines to exercise jurisdiction over Plaintiff's state law claims. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
July 28, 2011

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

Copy mailed to:

Natalie Pryor
210-21 89th Avenue
Queens, NY 11427

Amy Marie Culver
Robert A. LaBerge
Bond, Schoeneck & King, PLLC
330 Madison Avenue
39th Floor
New York, NY 10017